THE CONSOLIDATED ELECTRIC-LIGHT AND POWER COMPANY v. DANIEL HEALY *et al.*

No. 12,801.   ( 70 Pac. 884.)

SYLLABUS BY THE COURT.

1. PERSONAL INJURIES—*"Attractive Nuisance"*—*Liability of Owners.*  It is the law of this state that one who maintains on his premises what is called an "attractive nuisance," that is, a place which, though patently dangerous to those of ordinary knowledge and prudence, is so enticing to others excusably lacking in intelligence and caution as to induce them to venture to it, is liable for resulting injuries to the latter; and the same rule applies to one who maintains in his own premises a dangerous instrumentality not in itself attractive, but placed in such immediate proximity to an attractive situation on the premises of another as to form with it a dangerous whole, notwithstanding the attractive situation on the other premises may not be of itself dangerous.

2. ——— *Electric-light Company*—*Defective Wires.*  An electric company laid its wires on the viaduct of a city street, outside but close to the traveled way, between which wires and way was a railing or balustrade over which small boys were in the habit of climbing and getting close to the wires.  The wires were defectively insulated, of which fact and of the habit of the boys the company had knowledge.  One of the boys, when in the act of climbing, was killed by coming in contact with the uninsulated wires.  *Held*, that the company is liable.

Error from Wyandotte district court ; E. L. FISCHER, judge.   Opinion filed December 6, 1902.   Affirmed.

*Kagy & Horn*, and *Hutchings & Keplinger*, for plaintiff in error.

*Getty, Hutchings & Dean*, for defendants in error.

The opinion of the court was delivered by

DOSTER, C. J. :  The Consolidated Electric-light and Power Company was given permission by the city of Kansas City to carry its electric wires on a viaduct constituting a part of one of the streets.   This the company did by stringing them on timbers projecting out from the side of the viaduct or bridge.   There were a number of wires placed at distances of about a foot to several feet from the ends of the boards constituting the floor of the bridge.   The sides of the bridge were guarded by an iron railing or balustrade several feet high, running, substantially speaking, over the ends of the boards constituting the bridge floor.   However, many of the boards projected beyond, that is, outside the bridge railing.   The electric wires alongside the viaduct were very defectively insulated, their insulating covers having rotted away in many places.   This fact the company knew.   Small boys were in the habit of climbing over the viaduct railing immediately by the electric wires.   This fact the company also knew. Holly Healy, a boy about ten years old, and of the average intelligence and characteristics of boys of that age, climbed over the railing and came in contact with one of the electrically charged wires and was killed. It is probable that the moment before he had been standing, or rather, moving about on the projecting ends of the bridge boards or the projecting wire supports.   Suit was brought by his parents to recover

damages for his death. Judgment went in their favor in the court below, to reverse which error has been prosecuted to this court.

The matter principally discussed is the question of the company's liability under the circumstances stated. As to the boy, who was not at the time on the highway proper, but who was engaged in a dangerous sport immediately outside of it, was the company negligent in maintaining its wires in an uninsulated condition where he was liable to come in contact with them? To our minds there can be no doubt as to the answer. It was liable. To an adult it might not have been. To a small boy in the buoyancy of sport, and lacking the intelligence and discretion of older years, it was liable, in view of the fact that it knew that children of his class were in the habit of venturing in dangerous proximity to its negligently kept wires.

The place where the boy met his death was one of those denominated in the books "attractive nuisances," the keepers of which, according to those decisions which we regard as the sounder exposition of the law, are liable to one who, without inculpating fault on his part, is injured thereby. It is true the company did not maintain the bridge and the railing and the elevation above ground, constituting an attractive climbing-place for boys, and it may be that its wires were not themselves attractive playthings for the boys, but it maintained them in such immediate proximity to that which was attractive as to constitute them an integral part of the whole. It put its wires within the attractive environment. It identified itself in that way with the attractive place. If one maintains a dangerous instrumentality on his own premises immediately against the premises of

another, and within the sphere of the attractive influence of something on the latter, and a third one, venturing on the latter, is injured by coming in contact with the former, he would seem entitled to a recovery; that is, assuming the necessary knowledge to charge the derelict party. The electric company had knowledge in this case. Its counsel attempt to explain that it had not, but it had. We have gone carefully through the evidence, and are convinced.

The principle applicable to this case has been several times declared in this state. It was done in the recent cases of *Price v. Water Co.*, 58 Kan. 551, 50 Pac. 450, and *Biggs v. Wire Co.* 60 id. 217, 56 Pac. 4, 44 L. R. A. 655. The subject has been thoughtfully considered in the second edition of Thompson on Negligence, volume 1, under the head of "Liability for Injuries to Children," beginning with section 1024.

It is immaterial that the viaduct railing and its elevation above ground may not have been dangerous. They probably were, but for reasons peculiar to themselves. The boy did not come to his death because of dangers incident to the mere act of climbing. Nor is it material that the company's wires were not attractive. The attractions of the viaduct railing as a place for sport and the defectively insulated wires as instrumentalities of danger were united together as a whole. We assume that the city is not liable, but, if it were charged with liability, it would be no answer to it to say that it did not furnish the element of danger. It would be sufficient to reply that it furnished the attraction to entice into danger. When the company answers that it did not furnish the attraction, it is sufficient to reply that it furnished the danger to combine with the attraction. It could have neutralized the harmful ingredient of attractiveness in the

compound by guarding against the danger, and to require it to do so is not to impose upon it any greater burden than though it were responsible for both the hurtful constituents.

Other claims of error are made, particularly as to instructions, but none of them is well founded, and the judgment of the court below is, therefore, affirmed.

All the Justices concurring.