THE METROPOLITAN STREET-RAILWAY COMPANY v.
EDWARD GILBERT et al.

No. 12,584.   ( 78 Pac. 807.)

SYLLABUS BY THE COURT.

STREET-RAILWAYS—*Liability for Injury by Electric Current.* A street-railway company that employs electricity as a motive power is required to exercise the highest care to protect persons using the streets from the danger of being injured by the electric current, and is liable for any damages occasioned by its failure to do so.

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge. Opinion filed December 1, 1904. Affirmed.

*Miller, Buchan & Morris,* for plaintiff in error.

*L. W. Keplinger, C. W. Trickett, M. J. Reitz, F. D. Hutchings,* and *J. W. Dana,* for defendants in error.

The opinion of the court was delivered by

MASON, J.: Edward Gilbert recovered a judgment against the Metropolitan Street-railway Company on account of injuries received by him through coming in contact with the end of a broken telegraph or telephone wire which had fallen to the ground upon a public street and had become charged with electricity by contact with the wire of the railway company. The company brings this proceeding to reverse the judgment. Only one question is presented — whether it was error for the trial court to charge the jury that the defendant was bound to use the highest degree of care to avoid injuries to persons using the streets, and to discover and remedy the dangerous condition arising from the falling of the foreign wire across its own. Plaintiff in error contends that it should have been held to the exercise of only ordinary diligence.

Although it is everywhere recognized that it is the duty of users of electricity to employ a high degree of diligence to prevent its causing injury to others, in many cases this principle is treated merely as an application of the general rule, and is expressed by the formula that ordinary care is required, proportioned to the danger to be averted. But the peculiar conditions involved in cases of injuries by electricity have given rise to a special doctrine, somewhat

analogous to that requiring operators of railways to use all possible skill and care for the protection of passengers. (*Topeka City Rly. Co. v. Higgs*, 38 Kan. 375, 16 Pac. 667, 5 Am. St. Rep. 754.)  In Thompson on the Law of Electricity it is said :

"It may be doubted whether persons or corporations employing for their own private advantage so dangerous an agency as electricity ought not to be regarded as *quasi*-insurers, as toward third persons, against any injurious consequences which may flow from it.  It may be doubted whether one who collects, or rather *creates*, so dangerous an agency on his own land, ought not to be held to the obligation of restraining it, that is, of insulating it, at his peril." (§ 65.)

The reasoning thus suggested was employed in an English case (*National Telephone Company v. Baker*, 2 Ch. D. [1893], 186, 201) in support of a ruling that an electric-railway company might be liable for damage caused by an electric current which it had created, irrespective of any question of negligence.  No court in this country seems to have gone so far as this, but the requirement of the use of extraordinary care has been generally approved when it has been the subject of discussion.

In Croswell on the Law Relating to Electricity, the rule derived from the American cases is thus stated :

"If but little danger is incurred, as, for instance, when the wires carry only a harmless electric current, such, for instance, as the telegraph or telephone current, only ordinary care may be required.  While if the wires carry a strong and dangerous current of electricity, so that negligence will be likely to result in serious accidents, and perhaps death, or if a harmless wire is in dangerous proximity to a high-tension wire, a very high degree of care, indeed, the highest that human prudence is equal to, is necessary.  This is particularly true of electric-light and electric-rail-

way wires, which carry a high-tension current, often of great danger." (§ 234.)

A few quotations will serve to illustrate the extent to which the rule is carried, and the reasoning by which it is supported:

"It is due to the citizen that electric companies that are permitted to use for their own purposes the streets of a city or town shall be required to exercise the utmost degree of care in the construction, inspection and repair of their wires and poles, to the end that travelers along the highway may not be injured by their appliances. The danger is great, and care and watchfulness must be commensurate to it. Passengers on railroad-trains have a right to expect and require the exercise by the carrier of the utmost care, so far as human skill and foresight can go, for the reason that a neglect of duty in such case is likely to result in great bodily harm, and sometimes death, to those who are compelled to use that means of conveyance. 'As the result of the least negligence may be of so fatal a nature, the duty of vigilance on the part of the carrier requires the exercise of that amount of care and skill in order to prevent accidents.' (Ray, Neg. Imp. Dut. 53.) All the reasons that support the rigid enforcement of this rigid rule against the carrier of passengers by steam apply with double force to those who are allowed to place above the streets of a city wires charged with a deadly current of electricity or liable to become so charged. The requirement does not carry with it too heavy a burden. Human skill can easily place wires and poles so that they will not break and fall, unless subjected to some strain that could not be anticipated, and it can as readily prevent the possibility under ordinary circumstances of the contact of wires that should not be allowed to touch one another." (*Haynes v. Gas Company*, 114 N. C. 203, 211, 19 S. E. 344, 41 Am. St. Rep. 786, 26 L. R. A. 810.)

"Public policy, from sheer necessity, must require of a person or corporation using the current of elec-

tricity in high tension along highways a very high, if not the highest, degree of care." (*Snyder v. Wheeling Electrical Co.*, 43 W. Va. 661, 669, 28 S. E. 733, 64 Am. St. Rep. 922, 39 L. R. A. 499.)

"Very great care might be sufficient as to the wires at points remote from public passways, buildings, or places where persons need not go for work or business; but the rule should be different as to points where people have the right to go for work, business, or pleasure. At the latter points or places the insulation or protection should be made perfect, and the utmost care used to keep it so." (*McLaughlin v. Louisville Electric-light Co.*, 100 Ky. 173, 193, 37 S. W. 851, 34 L. R. A. 812.)

"The business of supplying electricity to the residents of a city is so fraught with peril to the public that the highest degree of care which skill and foresight can attain, consistent with the practical conduct of the business, under the known methods and present state of its particular art is demanded." (*Denver Electric Co. v. Lawrence*, 31 Colo. 301 [4th par. syllabus], 73 Pac. 39.)

"Wires charged with an electric current may be harmless, or they may be in the highest degree dangerous. The difference in this respect is not apparent to ordinary observation, and the public, therefore, while presumed to know that danger may be present, are not bound to know its degree in any particular case. The company, however, which uses such a dangerous agent, is bound not only to know the extent of the danger, but to use the very highest degree of care practicable to avoid injury to every one who may be lawfully in proximity to its wires and liable to come accidentally or otherwise in contact with them." (*Fitzgerald v. Edison Electric Co.*, 200 Pa. St. 540, 50 Atl. 161, 86 Am. St. Rep. 732.)

"Electric companies, of course, are not bound to have perfect apparatus or perfect construction, but they are required to exercises a degree of care and prudence in the construction and maintenance of their

wires commensurate with the danger; and where their wires are designed to carry a strong and powerful current of electricity, so that persons coming in contact with them are certain to be seriously injured, if not killed, the law imposes upon the company the duty of exercising the utmost care and prudence to prevent such injury." (*Perham v. Portland Electric Co.*, 33 Ore. 451, 478, 53 Pac. 14, 40 L. R. A. 799, 72 Am. St. Rep. 730.)

See, also, *Thomas v. Electrical Co.*, 54 W. Va. 395, 46 S. E. 217; *Doltry v. Electric-light etc. Co. Appellant*, 208 Pa. St. 403, 57 Atl. 833; *Geismann v. Missouri-Edison Electric Co.*, 173 Mo. 654, 73 S. W. 654; *Harter v. Light and Power Co.*, 124 Iowa, 500, 100 N. W. 508; 18 Cent. Dig. c. 603; 10 A. & E. Encycl. of L., 2d ed., 887.

In the cases in which it is stated, or assumed, that a liability for damages occasioned by electricity arises only from the failure to exercise ordinary care, no consideration appears to have been given to the distinction noted, based upon its peculiar nature. The distinction is equally well grounded in reason and authority. The course of the trial court in recognizing it is approved.

The judgment is affirmed.

All the Justices concurring.