No. 22,242.

HATTIE L. EDWARDS, *Appellee*, v. THE CITY OF KANSAS CITY and THE SOUTHWESTERN BELL TELEPHONE COMPANY, *Appellants*.

### SYLLABUS BY THE COURT.

1. NEGLIGENCE — *Uninsulated Electric Wires — Proximity to Telephone Wires—Death of Boy—Telephone Company Not Liable.* A telephone company is not responsible in damages for the death of a thirteen-year-old trespasser who climbs one of the company's poles, equipped with steps for climbing, and is killed at the top of the pole by coming in contact with an overhead, uninsulated electric-light wire placed, maintained, and operated by the city in which the company conducts its business, but over which electric-light wire the company has no control.

2. NEGLIGENCE—*Pleadings—Uninsulated Electric Wires—Death of Boy— Petition States Cause of Action.* Among other things, the petition alleges that a telephone pole, equipped with steps for climbing, was situated in the street of a city; that the city knew, or by the exercise of proper diligence should have known, that boys were in the habit of climbing the pole; that a boy who had climbed to the top of the pole was there killed by coming in contact with an overhead electric-light wire which had been negligently placed, maintained, and operated by the defendant city; and that the city had negligently permitted the electric-light wire to become uninsulated. *Held*, that the petition states a cause of action against the city.

3. SAME. The petition states a cause of action, not because it alleges that the telephone pole was an attractive nuisance, but because it alleges an act of negligence on the part of the city, and alleges that the city knew, or by the exercise of proper diligence should have known, that boys were in the habit of climbing the pole.

Appeal from Wyandotte district court, division No. 1; ED-WARD L. FISCHER, judge. Opinion filed April 12, 1919. Affirmed in part, and reversed in part.

*E. S. McAnany, M. L. Alden, T. M. Van Cleave, C. Angevine,* all of Kansas City, *D. E. Palmer,* and *J. W. Gleed,* both of Topeka, for the appellants.

*L. O. Carter,* of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action to re-
cover damages for the death of her son, Clarence M. Edwards.
Judgment was rendered for the plaintiff, overruling the de-
murrers to her petition, filed by each of the defendants, who
separately appeal.

Among other matters, the petition in substance alleges that
the Southwestern Bell Telephone Company owned and oper-
ated a telephone system in Kansas City, Kan., and had a line
of telephone wires on poles on the west side of Eighteenth
street near the intersection of Spring street; that at that place
the telephone company maintained a telephone pole twenty or
twenty-five feet high on which steps were nailed for the con-
venience of its employees in climbing the pole; that the steps
commenced about eighteen inches above the ground, were
about eighteen inches apart, and extended to the cross arms
holding the telephone. wires; that the city maintained an
electric-light wire which extended from a pole on the east side
of Eighteenth street across the telephone wires, to the west
side of that street; that the electric-light wire was about six
inches above the telephone pole; that the insulation on the
electric-light wire had become defective and rotten; and that
the condition of that wire exposed to danger those persons
who might be upon the telephone pole or in close proximity
to the electric-light wire.

The petition further alleges:

"That by reason and on account of the fact of the carelessness and
negligence and improper construction and maintenance of said telephone
pole and said electric-light wire in such defective and unsafe condition,
and being in close proximity to said telephone pole, the said defendants
and each of them were careless and negligent in this, to wit:

"That said telephone pole was an attractive nuisance, and was know-
ingly built, constructed, maintained and kept in such a manner and way
as to become and be attractive to children and particularly to boys of the
age, habits and sportive conduct of boys of the age of the deceased, all
of which facts, habits and instincts of boys and particularly of the de-
ceased under the circumstances, the defendants and each and all of
them had full notice and knowledge, and that they and each of them were
careless and negligent in so constructing, maintaining and operating said
telephone pole and its appurtenances and said electric-light wire, in such
a position and close proximity to each other, and while said wire was so

uninsulated and charged with such high and deadly voltage of electricity; and under such circumstances as to make them each liable in damages to the plaintiff herein for the death of said child."

The petition also alleges that Clarence M. Edwards was about thirteen years of age; that without negligence on his part he was killed on coming in contact with the electric-light wire while he was upon the pole; and that both of the defendants knew, or by the exercise of proper diligence should have known, that boys were in the habit of climbing, and did frequently climb, the telephone pole in question.

1. No act of negligence is alleged to have been committed by the telephone company. It is not alleged that the pole and the wires attached thereto were not properly constructed, nor that either was dangerous; although it is alleged that, on account of the steps nailed to the pole, it was an attractive nuisance. To state a cause of action against the telephone company, the petition should allege that something which the company did rendered its property dangerous to those who might be upon the pole. The company is not responsible for the negligence of the city, because the company could not do anything to prevent the city from negligently placing or maintaining its electric-light wire. The principle declared in *Nicholas v. Street · Railway Co.*, 96 Kan. 699, 153 Pac. 506, is controlling on this question. In that case the city of Topeka had built a defective walk across the street-railway tracks, and this court there said:

"A logical deduction from the cases there collated [Notes in 52 L. R. A. 448, and 15 L. R. A., n. s., 840] is that where the defect in the street is caused by the city as an active agency, and over which the railway company has no control and with which it has no right to interfere, the company is not liable for injuries caused by that defect." (p. 702.)

2. As against the city, an altogether different proposition is presented by the petition. It definitely and specifically alleges acts of negligence on the part of the city. One act of negligence consisted of placing and maintaining the electric-light wire in dangerous proximity to the pole; another act consisted of the failure of the city to keep its electric-light wire over the telephone pole properly insulated. (*Electric-light Co. v. Healy*, 65 Kan. 798, 70 Pac. 884; *Wade v. Electric Co.*, 94 Kan. 462, 147 Pac. 63; *Wade v. Electric Co.*, 98 Kan. 366, 158 Pac. 28; *Snyder v. Light Co.*, 98 Kan. 157, 157 Pac. 442.)

In *Electric-light Co. v. Healy,* supra, this language was used:

"An electric company laid its wires on the viaduct of a city street, outside but close to the traveled way, between which wires and way was a railing or balustrade over which small boys were in the habit of climbing and getting close to the wires. The wires were defectively insulated, of which fact and of the habit of the boys the company had knowledge. One of the boys, when in the act of climbing, was killed by coming in contact with the uninsulated wires. *Held,* that the company is liable." (syl. ¶ 2.)

In *Snyder v. Light Co.,* supra, an electric company was held liable for injury to a person who went to the aid of a boy that had been killed by an electric current communicated to him through a wire which had been thrown over a defectively insulated electric-light wire maintained by the company. In *Railway Co. v. Gilbert,* 70 Kan. 261, 78 Pac. 807, this court said:

"A street-railway company that employs electricity as a motive power is required to exercise the highest care to protect persons using the streets from the danger of being injured by the electric current, and is liable for any damages occasioned by its failure to do so." (syl.)

The principle requiring the highest degree of care in using highly charged electric wires was followed in *Electric-light Co. v. Healy,* supra, and in *Snyder v. Light Co.,* supra.

To avoid the consequences of its negligence and of the breach of its duty imposed on it, the city argues that the boy was a trespasser while upon the pole of the telephone company. The boy was a trespasser, but that did not relieve the city from its obligation to protect its wires by proper insulation at places where it should have anticipated that trespassing boys might come in contact with the wires. The petition alleges that the defendant knew, or by the exercise of proper diligence should have known, that boys were in the habit of climbing, and did frequently climb, the pole in question. These facts are admitted by the demurrer. That allegation puts the action against the city under the rule declared in *Biggs v. Wire Co.,* 60 Kan. 217, 56 Pac. 4. There a revolving power shaft rested on the top of a stone buttress or pier in the Kansas river at Lawrence. The shaft was about six inches in diameter, and had on it a collar or coupling about eight inches in diameter, in the outer rim of which was a set screw that projected some four or five inches. The shaft made from 100 to 150 revolu-

tions a minute.  Because of the rapidity of the revolutions the set screw was invisible.  Boys were in the habit of resorting there for fishing and playing, and the company had notice of that fact.  The court there said:

"The maintenance of dangerous machinery on private grounds, unprotected from the visits of trespassing children, renders the owner thereof, who has knowledge that children and others are accustomed to frequent said grounds and climb upon the structures supporting said dangerous appliances, liable in damages to the next-of-kin of a boy fourteen years of age who was caught in said exposed machinery and killed." (syl. ¶ 1.)

The judgment against the city must be affirmed unless the rule declared in all the cases cited is set aside.

3.  The plaintiff argues that the petition states a cause of action against each of the defendants, on the theory that the telephone pole was an attractive nuisance.  The court does not agree with the plaintiff on this question.  If a cause of action is stated against either defendant, it is because the petition alleges an act of negligence on the part of that defendant, and because the petition further alleges that that defendant knew, or by the exercise of proper diligence should have known, that boys were in the habit of climbing the pole.

The judgment against the city of Kansas City is affirmed, and the judgment against the Southwestern Bell Telephone Company is reversed.