Serviss v. Cloud.

---

No. 26,681.

RHODA SERVISS, *Appellee*, v. WILLIAM CLOUD et al., *Appellants*.

SYLLABUS BY THE COURT.

EXPLOSIVES — *Negligence* — *Death of Child* — *Liability*. There was evidence which tended to show that one of the defendants, with the knowledge and consent of the other, operated a stone quarry in Kansas City on land owned by the latter; that three open cans of powder were left in the quarry, in the open, unprotected, unguarded, and without warning sign; that boys found the powder; that one of them, fourteen years old, took some of the powder away with him and afterward exploded it; and that the explosion resulted in his death. *Held*, this court cannot say that his mother cannot recover damages for his death.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed June 12, 1926. Affirmed.

*J. H. Brady* and *T. F. Railsback,* both of Kansas City, for the appellants.

*J. K. Cubbison, Jr.,* of Kansas City, and *Horace G. Pope,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued for the death of her fourteen-year-old son, Cecil LeRoy Stewart, alleged to have been caused by the negligence of the defendants in leaving powder in a stone quarry

Explosives, 25 C. J. pp. 186 n. 60, 187 n. 61, 188 n. 69, 210 n. 10; 14 L. R. A. n. s. 586; 24 L. R. A. n. s. 1257; 42 L. R. A. n. s. 840; L. R. A. 1917A, 1295; 11 R. C. L. 664.

where it could be obtained by boys who frequented the quarry and be carried away by them. The plaintiff recovered judgment, and the defendants appeal.

The defendants were husband and wife. Sarah Cloud owned the tract of land in Kansas City. There was evidence which tended to show that a stone quarry was operated on that land by William Cloud; that he also operated a coal yard, in the office of which his wife assisted him and in which powder was stored for use in the quarry; that powder was taken from the coal-yard office to the quarry; that three open cans of powder were left in the quarry in the open air, without guard, shelter or warning sign; that Cecil LeRoy Stewart, while at play in the quarry on Sunday with other boys, found the powder, which consisted of more than one kind, one of which was giant powder; that Stewart took some of the powder and put it in his pockets; that he and the other boys went away from the quarry to the home of Stewart, where some of the powder was burned by Stewart without accident; that powder was then placed in a can and a fuse made of paper was connected therewith; and that the powder in the can was exploded, and upon that explosion the remaining powder in Stewart's pockets was exploded and he was severely burned, from the effects of which he died a few days later. There was also evidence which tended to show that Sarah Cloud knew of the powder being kept in the office of the coal yard and knew that her husband's teams were hauling rock. However, she denied that she had any knowledge of his operating a stone quarry on the land owned by her.

The plaintiff relies on the law requiring that those handling high explosives shall use the utmost care, while the defendants rely on the principle that Stewart, being fourteen years old, was presumed to know the dangerous character of the powder, and that he was therefore guilty of such negligence on his part in exploding the powder as prevents recovery. The defendants also rely on the principle that Stewart was a trespasser in the quarry, and that he unlawfully took the powder and exploded it at his home, some distance from the quarry.

The questions argued by the defendants are presented in a number of ways: First, that the court erred in overruling the demurrer of each of the defendants to the evidence of the plaintiff; second, that the court erred in submitting the case to the jury; third, that the court erred in giving instructions under which the plaintiff could

Serviss v. Cloud.

recover on proof of the allegations of her petition; fourth, that the court erred in overruling the defendant's motion for a new trial; fifth, that the court erred in approving the verdict of the jury.

Those who handle gas, electricity or explosives must use the highest degree of care to avoid injury to others. (*Winegarner v. Edison,* 83 Kan. 67, 109 Pac. 778; *Clark v. Powder Co.,* 94 Kan. 268, 146 Pac. 320; *Wade v. Electric Co.,* 94 Kan. 462, 147 Pac. 63; *Snyder v. Light Co.,* 98 Kan. 157, 157 Pac. 442; *Logan v. Electric Co.,* 99 Kan. 381, 161 Pac. 659; *Pinson v. Young,* 100 Kan. 452, 164 Pac. 1102; *Edwards v. Kansas City,* 104 Kan. 684, 180 Pac. 271; *Swayze v. City of Augusta,* 108 Kan. 785, 197 Pac. 208, 210; *Followill v. Gas & Electric Co.,* 113 Kan. 290, 214 Pac. 430; *Stone v. City of Pleasanton,* 115 Kan. 378, 223 Pac. 312.)

The defendants quote from 25 C. J. 187 as follows:

"Notwithstanding the fact that the person injured is a child, nevertheless to impose liability defendant's act must have been the proximate cause of the injury. So where explosives are wrongfully carried away from the place in which they are stored by children capable of understanding the wrongful nature of their act, the negligence in keeping or storing cannot be regarded as the proximate cause of a subsequent injury to the child or other children by their use, where defendant had done nothing to invite or provoke the act of the child and there is nothing in the circumstances which would cause it to be foreseen. So likewise the maintenance of a nuisance in the storage of explosives cannot be regarded as the proximate cause of an injury to a child occurring after explosives have been wrongfully taken by him from the premises. These rules apply as well where the child originally taking the explosives gives them to other children who injure themselves."

The defendants cite other authorities to support their contention. It should be noted that the writer in Corpus Juris says that negligently leaving explosives is not the proximate cause of an injury caused by their explosion where the explosives are wrongfully carried away by children capable of understanding the wrongful nature of their act, where there is nothing in the circumstances which would cause the accident to be foreseen.

Any person using explosives in a stone quarry in a large city who leaves the explosives in open cans exposed without anything being done to prevent their being carried away by children should anticipate that children might play in the quarry, might find the powder, might take some of it away, and might explode it and cause injury thereby. The court cannot say that the conduct of Cecil LeRoy Stewart constituted such contributory negligence as prevents the

plaintiff from recovering, and this court is not disposed to say that because Cecil LeRoy Stewart took the powder away and exploded it elsewhere the plaintiff cannot recover.

The judgment is affirmed.

HARVEY, J., dissenting.