No. 28,432.

ALMON GORDON ANDERSON, a Minor, by Effie Hayes, His Guardian, *Appellee,* v. THE KANSAS CITY PUBLIC SERVICE COMPANY, *Appellant.*

(273 Pac. 397.)

Opinion filed January 12, 1929.

*Fred Robertson, Edward M. Boddington, W. E. Stickel,* all of Kansas City, and *Charles L. Carr,* of Kansas City, Mo., for the appellant.

*Arthur J. Stanley* and *Arthur J. Stanley, Jr.,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The action is one to recover damages for injuries sustained by plaintiff on coming in contact with a high-power elec-

tric transmission line operated by the defendant. Judgment was rendered in favor of the plaintiff, and the defendant appeals.

The evidence was submitted to a jury, which answered special questions and returned a verdict in favor of the plaintiff. The defendant, at the close of the plaintiff's evidence, demurred thereto. That demurrer was overruled. When the evidence was concluded the defendant asked that a peremptory instruction be given directing the jury to return a verdict in favor of the defendant. That was denied. The defendant argues that there was not evidence sufficient to warrant submitting the case to the jury, nor to uphold its verdict. The evidence established that on Tenth street, in Kansas City, Kan., there is a viaduct running across railroad tracks and yards; that the viaduct is a large steel structure, consisting of five spans, the bottom of which is thirty feet above the ground, and the top of which is fifty-five feet above the ground; that about six feet above the top of the viaduct, resting on poles supported by it, the defendant operates an uninsulated electric transmission line carrying 6,600 volts of electricity; that the viaduct is used for pedestrian, vehicular, and street-railway traffic; that the plaintiff, an average, intelligent boy, almost thirteen years of age, was crossing the viaduct with a companion; that the plaintiff climbed the steel structure of one of the spans of the viaduct, walked the full length on top of it and descended; that he climbed another span and walked about half way across it when he threw up one of his hands, which came in contact with the electric transmission line, and he fell to the floor of the viaduct, a distance of twenty-five feet; that he was burned by coming in contact with the wire; that the plaintiff's companion warned him that it was dangerous to climb or to walk on the viaduct; and that the plaintiff was not aware that the transmission line carried a dangerous amount of electricity. There was evidence which tended to prove that other boys had climbed the viaduct for the purpose of securing birds' nests built thereon, and for the purpose of securing pigeons.

The plaintiff seeks to recover on the theory that the viaduct, together with the transmission line, constituted an attractive nuisance. The plaintiff alleged that—

"His injuries were due to the carelessness and negligence of the defendant, its agents, servants and employees, in maintaining, controlling and operating uninsulated electric wires upon a place and in close proximity of said place,

which defendant knew or could have known by the exercise of ordinary care that it was frequented by boys at play, and defendant knew or could have known by the exercise of ordinary care that the superstructure of said viaduct, because of its construction, was an inviting place to boys to climb and play, and that in climbing and playing about and upon said superstructure said children would come in contact with said wires so charged with electricity as aforesaid, and that by reason of the carelessness and negligence of defendant, as aforesaid, said plaintiff received the injuries herein set forth."

The plaintiff cites and relies on *Electric-light Co. v. Healy,* 65 Kan. 798, 70 Pac. 884. There a judgment in favor of a boy who was injured by coming in contact with an electric transmission line was affirmed. The circumstances were detailed in the opinion as follows:

"The consolidated Electric-light and Power Company was given permission by the city of Kansas City to carry its electric wires on a viaduct constituting a part of one of the streets. This the company did by stringing them on timbers projecting out from the side of the viaduct or bridge. There were a number of wires placed at distances of about a foot to several feet from the ends of the boards constituting the floor of the bridge. The sides of the bridge were guarded by an iron railing or balustrade several feet high, running, substantially speaking, over the ends of the boards constituting the bridge floor. However, many of the boards projected beyond, that is, outside the bridge railing. The electric wires alongside the viaduct were very defectively insulated, their insulating covers having rotted away in many places. This fact the company knew. Small boys were in the habit of climbing over the viaduct railing immediately by the electric wires. This fact the company also knew. Holly Healy, a boy about ten years old, and of the average intelligence and characteristics of boys of that age, climbed over the railing and came in contact with one of the electrically charged wires, and was killed." (p. 799.)

The circumstances there were different from what they are here. There, the electric wire was easy of access; here, it was difficult of access. It could hardly have been put in a place more difficult of access.

In *Zagar v. Railroad Co.,* 113 Kan. 240, 214 Pac. 107, the court said:

"The owner of land on which a steep bluff is situated is not required to fence it, or otherwise insure the safety of strangers who may come upon his premises, not by invitation, but for the purpose of amusement or for motives of curiosity.

"And, where the owner, for his own uses, excavates at the base of a natural bluff, making it steeper, and where a boy thirteen and a half years old, while playing in a cave dug into the face of the bluff by other boys, is seriously injured by a large quantity of earth falling upon him, *held,* that the case does

not come within the attractive-nuisance doctrine and the owner is not liable for the injury." (Syl.)

In *United Zinc Co. v. Britt*, 258 U. S. 268, the first headnote reads as follows:

"A landowner owes no general duty to keep his land safe for children of tender years, or even free from hidden danger, if he has not directly or by implication invited them there."

In *N. Y., N. H. and H. R. R. Co. v. Fruchter*, 260 U. S. 141, the headnote reads:

"A boy of eight years, by climbing to the topmost girder of a municipal bridge used for conveying a street across a railroad, and thence up a latticed tower, touched a live electric wire twenty-nine feet above the street, and was injured. *Held,* upon the circumstances stated in the opinion, that the railroad company (which maintained the wires and the bridge framework) could not be deemed liable upon the theory of license or invitation."

If these rules, supported by both reason and authority, are to be followed the defendant under the evidence was not liable to the plaintiff for the injury sustained by him. The demurrer to the plaintiff's evidence should have been sustained.

The judgment is reversed, and the trial court is directed to enter judgment for the defendant.