No. 39,203

LEONARD F. TRAPP, *Appellee*, v. STANDARD OIL COMPANY, a Corporation, THOMAS PARKER, SR., and ORVAL POWELL, *Appellants, et al.*

(269 P. 2d 469)

Opinion filed April 10, 1954.

*Richard A. Barber*, of Lawrence, argued the cause, and *Jack C. Maxwell*, of Lawrence, was with him on the briefs for the appellant, Standard Oil Company; *O. B. Eidson*, of Topeka, argued the cause, and *Thomas M. Lillard, Philip H. Lewis* and *James W. Porter*, all of Topeka, were with him on the briefs for the appellant, Thomas Parker, Sr.; and *Henry H. Asher, Clarence M.*

*Gorrill* and *Alan F. Asher,* all of Lawrence, were on the briefs for the appellant, Orval Powell.

*John A. Bausch,* of Topeka, argued the cause, and *L. M. Ascough* and *C. K. Saylor,* both of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for damages alleged to have been sustained when defendants negligently permitted gasoline to escape from a tank and one of the defendants set fire to it, causing damage to plaintiff's automobile. The demurrer of some of defendants to plaintiff's amended petition was overruled. These defendants have appealed.

The plaintiff filed a petition to which motions to order him to make it more definite and certain were directed. These motions were sustained in part and overruled in part. He then filed an amended petition. Since no argument is made as to the effect of the action taken by the court on those motions and since the demurrers were directed to the amended petition, the allegations of the amended petition will be referred to herein.

The action was against the Standard Oil Company, Thomas Parker, Sr., Orval Powell, Paul Ingels and Ben Bowen, individuals. The petition alleged Parker and Standard operated a filling station in Lawrence and were charged with the responsibility of maintaining it in a safe condition; that they, together with Powell, were engaged on the day in question in removing storage tanks from the ground at that service station; that plaintiff's automobile was parked on the street near the station; that while Standard and Parker and Powell were engaged in removing these storage tanks, they negligently allowed large quantities of gasoline to spill and it flowed down the street and along the curbings and accumulated under the cars parked there, especially under plaintiff's car; that the fire department was summoned and Fireman Bowen at the direction and supervision of Fire Chief Ingels negligently touched a cigarette lighter to the surface of the street, causing gasoline fumes to burst into flame, igniting the gasoline under plaintiff's car and damaging it; that the spilling of the gasoline created a dangerous hazard and the spreading of it and the damage to plaintiff's vehicle were the direct result of acts of negligence on the part of defendants, Standard, Parker and Powell; that they were jointly or severally negligent in the following particulars: Failing to remove from the tanks the gasoline which spilled out upon the public streets before taking

these tanks from the ground when they knew, or should have known, by the exercise of due care that any remaining quantities of gasoline left in the tanks could, or would have, spilled upon the streets and thereby created a dangerous hazard; in failing to remove from the tanks the remaining quantities of gasoline which leaked from small holes in the bottom of the tank out upon the streets and created a dangerous hazard; failing to exercise a high degree of care throughout the operation when working with a highly combustible and inflammable product. Plaintiff alleged that the negligence of defendant Ingels consisted of giving Bowen the order to touch a cigarette lighter to the ground when he knew, or should have known, that gasoline fumes were present and would easily ignite the gasoline in a fire that would damage property; failing to exercise a high degree of care when working with a highly inflammable and combustible product. Plaintiff alleged that the negligence of defendant Bowen consisted of touching a cigarette lighter to the ground when he knew, or should have known, that gasoline fumes were present.

Various items of damage were alleged and judgment was prayed in the amount of $1,137.

To this amended petition the Standard Oil Company, Parker Buick Company, and the Powell Construction Company all filed demurrers on the ground the amended petition did not state facts sufficient to constitute a cause of action. These demurrers were overruled. All three of the parties mentioned, that is, the Standard Oil Company, Parker Buick Company and the Powell Construction Company, filed notices of appeal. They filed a joint abstract and stated that their specifications of error were that the trial court erred in overruling the demurrer of appellants to plaintiff's amended petition. This abstract did not show it but we are informed that defendants Ingels and Bowen filed answers, which are now on file in the district court.

The defendants filed a joint brief. Their argument is that the allegations of the amended petition must be taken as true and when they are thus viewed it must be concluded as a matter of law that any negligence with which they are charged was not the proximate cause of the damage sustained by appellee, but was approximately caused by the intervening act of the Fireman Bowen in touching a cigarette lighter to the ground at the direction of Fire Chief Ingels when they both knew, or should have known, that gasoline fumes were present and would easily ignite and result in a fire.

Defendants concede the rule to be that in an action for damages grounded on negligence, the questions of negligence and of proximate cause are for the jury to determine. (See *Jones v. Kansas Public Service Co.,* 158 Kan. 367, 147 P. 2d 723.) They stress the rule, however, where we have held that where it is either admitted or from the facts as found, or established, that two distinct causes unrelated in their operation cojoined to produce a given injury, the question of remote and proximate cause becomes one of law. (See *Cruzan v. Grace,* 165 Kan. 638, 198 P. 2d 154.) Many opinions are cited where we have, under the facts of the particular case, so held. Each case, however, must be decided on its own facts. The question always is—Were the two causes unrelated? We have held many times that there may be two or more proximate causes. (See *Roehrman v. D. S. & O. Rural Electric Cooperative Ass'n,* 174 Kan. 498, 256 P. 2d 872.) There we said:

"Next the co-operative Association argues the petition shows no negligence on its part which was the proximate cause of any of the injuries sustained by appellee. The gist of this argument is bottomed upon the premise that the breaking of the pole, resulting in the breaking in the line, was the proximate cause of the injuries sustained. Again we must disagree. The mere fact that the act of another was responsible for the break in the line did not relieve such appellant from the acts of negligence charged against it in the petition if established as alleged. The books are full of cases holding that there may be more than one proximate or legal cause of an injury. See, e. g., *Rowell v. City of Wichita,* 162 Kan. 294, 302, 303, 176 P. 2d 590, and cases there cited."

To the same effect is *Acock v. Kansas City Power & Light Co.,* 135 Kan. 389, 10 P. 2d 877. There we said:

"The light company argues that even if it were negligent in closing the switch at substation No. 7 and sending the current over this line at the time and under the circumstances it did, such negligence was not the proximate cause of the death of Acock; that there was a separate, unrelated cause, namely, the negligence of the construction company in firing the blast as it did. The construction company contends that if it were negligent in the respects the jury found it to be, namely, in that the charge of dynamite was not properly placed for its size, and that it failed to report to parties concerned after it knew damage had been done, such negligence was not the proximate cause of the injury, and argues that there was a separate, intervening cause, namely, the pushing in of the switch and turning on of the current by the light company after it knew there was serious trouble on the line and without proper inspection of it. Under the evidence in this case these were not separate, intervening causes. Here both parties were negligent. While it is true that one succeeded the other in time, they are necessarily related and interwoven, and the death of Acock was the result of the concurrent negligence of both appellants."

In *Pinson v. Young,* 100 Kan. 452, 164 Pac. 1102, the son of plaintiff, a fireman, was killed by an explosion while he was fighting a fire in a building containing dynamite. The plaintiffs charged the defendants with negligently storing the dynamite in the building. Amongst other arguments the defendants argued the fire and not the negligent storage of dynamite was the proximate cause of the fireman's death. On that point we said:

"Both were proximate causes. The fire alone would not have caused his death. The dynamite alone might not have caused it. Perhaps the fire was the result of negligence. The storage of the dynamite was undoubtedly so. These two contributing delinquencies, the fire and the negligent storage of the dynamite—both proximate—wrought this result."

There are many cases which might be cited either way on their peculiar facts. The point is, the damage to plaintiff's automobile would not have occurred had it not been for the negligence of these appellants and the fire. The fire for which they should have been on guard or which they should have foreseen or anticipated need not have been the one set by the fireman. The dangerousness and highly explosive character of gasoline is such that these appellants should have anticipated the danger of its being set afire by some agency there on a busy street in the city. We cannot say the act of the fireman in touching his lighter to the pavement was so unrelated to the negligence of appellants in spilling the gasoline as to constitute the sole proximate cause of the fire as a matter of law.

The judgment of the trial court is affirmed.