No. 38,169

HARRY SMITH, doing business as PARSONS LIVESTOCK COMMISSION COMPANY, *Appellant,* v. GUSSIE LAFORGE, HARVEY MAXWELL, doing business as MIDWEST LIVESTOCK COMMISSION COMPANY, and NEW YORK CASUALTY COMPANY, *Appellees.*

No. 38,170

HARRY SMITH, doing business as PARSONS LIVESTOCK COMMISSION COMPANY, *Appellant,* v. GUSSIE LAFORGE and NEW AMSTERDAM CASUALTY COMPANY, a Corporation, *Appellees.*

(228 P. 2d 509)

Opinion filed March 10, 1951.

In case No. 38,169, *Earl Bohannon,* of Parsons, argued the cause, and *J. Logan Shuss,* of Parsons, was with him on the briefs for the appellant.

*Jack L. Goodrich,* of Parsons, argued the cause, and *L. E. Goodrich,* of Parsons, was with him on the briefs for the appellee, Gussie LaForge; *T. D. Hampson,* of Fredonia, argued the cause and was on the briefs for the appellees, Harvey Maxwell and New York Casualty Company.

In case No. 38,170, *Earl Bohannon,* of Parsons, argued the cause, and *J. Logan Shuss,* of Parsons, was with him on the briefs for the appellant.

*John B. Markham,* of Parsons, argued the cause, and *Henry W. Buck* and *William A. Rundle, Jr.,* both of Kansas City, Mo., were with him on the briefs for the appellee, New Amsterdam Casualty Company; *L. E. Goodrich,* of Parson, was on the briefs for the appellee, Gussie LaForge; *Morrison, Hecker, Buck, Cozad & Rogers,* Kansas City, Mo., of counsel; and *Columbia, Markham & Smith,* Parsons, of counsel.

The opinion of the court was delivered by

PRICE, J.: These two consolidated appeals arise out of actions brought by appellant (plaintiff below) to recover the purchase price of certain livestock sold by plaintiff to defendant LaForge, and involve the question of the statute of limitations. The over-all question in each case is the same.

In case No. 38,169, the livestock in question was purchased on February 19, 1946, and the action was commenced February 12, 1949. As one of the primary questions before us concerns the sufficiency of the petition to state a cause of action, it will be set out in full rather than summarized, and is as follows:

"PETITION

"Comes now the plaintiff and for his cause of action against the defendants alleges and states:

"1. That plaintiff is a resident of and his post office address is Parsons, Labette County, State of Kansas, and he does business as a dealer and market agency at the Parsons Stockyards, Inc. at Parsons, Kansas; that the defendant, Gussie LaForge, was on February 19, 1946, duly registered as a market agency or dealer, clearing all his purchases through the defendant Harvey Maxwell; and that he can be served with summons in the city of Parsons, Labette County, State of Kansas; that the defendant Harvey Maxwell is a resident of and his post office address is Fredonia, Kansas; that on the said February 19, 1946, the said Harvey Maxwell doing business as Midwest Livestock Commission Company, was a duly registered market agency and dealer and did business at the stockyards of the Parsons Stockyards, Inc.; that on said date the defendant, Harvey Maxwell, doing business as Midwest Livestock Commission Company, was under bond as required by The Packers and Stockyards Act, 1921, as amended, and that the defendant New York Casualty Company was surety on said bond; that the New York Casualty Company is a corporation

organized and doing business under and by virtue of the laws of the State of New York and is now and was on said date licensed to do business within the state of Kansas and as such can be sued and served with summons within the state of Kansas; that on June 16, 1942, the said Harvey Maxwell, as Midwest Livestock Commission Company, made and executed a bond to Floyd E. Stafford as trustee to secure the performance of all of the obligations incurred by him as such market agency or dealer at the stockyards of the Parsons Stockyards, Inc., Parsons, Kansas; that thereafter and from time to time the amount of said bond was increased from $3,000.00, the orginal amount thereof, to $8,000.00 as of August 8, 1944, and that said bond in the amount of $8,000.00 was in full force and effect on February 19, 1946; that under and by virtue of the terms and conditions of said bond the said defendant Harvey Maxwell and New York Casualty Company bound themselves by said bond to secure the performance of the obligations incurred by the said Gussie LaForge and Harvey Maxwell doing business as Midwest Livestock Commission Company as required by The Packers and Stockyards Act, 1921, as amended, and the regulations promulgated thereunder by the United States Department of Agriculture by reason whereof the said defendant Harvey Maxwell and New York Casualty Company became liable for and bound to pay all of the obligations incurred by the said Gussie LaForge in the purchase of livestock at said stockyards.

"2. Plaintiff further states to the court that on February 19, 1946, he sold to Gussie LaForge at the stockyards of Parsons Stockyards, Inc., four cattle and three calves for $404.46 and seven cattle for $560.56 and that under the rules and regulations of the Secretary of Agriculture, the said Parsons Stockyards, Inc., and the contract of sale of said cattle and calves, the said Gussie LaForge was required to pay for said cattle and calves before the same were removed from the yards of said Parsons Stockyards, Inc., but that in truth and in fact the said Gussie LaForge removed said cattle and calves from said yards without paying therefor and that he has failed, neglected, and refused and still fails, neglects, and refuses to pay for said livestock; that demand has been made upon the said defendants, Gussie LaForge, Harvey Maxwell, and New York Casualty Company for the said sums of $404.46 and $560.56, but that said defendants, and each of them, have failed, neglected and refused, and still fail, neglect and refuse to pay the same.

"That by reason of the failure, neglect, and refusal of said defendants to pay said sums and the filing of this action to force the payment thereof, plaintiff is entitled to recover of and from the said defendants, a reasonable fee for the services of his attorneys herein and that a reasonable fee for said attorneys in the handling of this action and presenting the same is $500.00.

"WHEREFOR, plaintiff prays judgment against said defendants and each of them for the sum of $965.02 together with six per cent interest per annum thereon from February 19, 1946, until paid, and for the sum of $500.00 as and for his attorneys' fees herein, and for costs, and for such other, further, and different relief as to the court may seem proper."

Each of the three defendants filed a motion to strike that portion of the petition alleging liability on the part of defendants Maxwell

and New York Casualty Company to pay obligations incurred by defendant LaForge, and also that portion alleging liability for attorney fees. From the record it appears these motions to strike were overruled.

Each of the defendants then filed a motion to make the petition more definite and certain by requiring plaintiff to attach to and make as a part of his petition a copy of the bond and all rules promulgated by the United States Department of Agriculture relied upon.

On April 25, 1949, the court sustained the motion of defendant LaForge to make more definite and certain and the journal entry on this ruling required plaintiff to attach a copy of the bond to his petition and to cite any and all rules and regulations promulgated by the United States Department of Agriculture applicable to his cause of action. Plaintiff was granted twenty days in which to amend, and on May 14, 1949, was granted an additional thirty days.

On May 23, 1949, plaintiff filed his amended petition. It was substantially identical to his original petition except that to it he attached a copy of the bond and four "riders," and he also cited by section number the regulations of the Department of Agriculture upon which he relied, all in compliance with the order of April 25, 1949.

On June 10, 1949, defendant LaForge demurred to the amended petition on the ground that several causes of action were improperly joined and that it did not state facts sufficient to constitute a cause of action in favor of plaintiff and against him, LaForge.

On June 21, 1949, defendants Maxwell and New York Casualty Company also filed demurrers to the amended petition.

On October 20, 1949, each of the three demurrers was sustained, and on November 1, 1949, plaintiff, by leave of court, filed his second amended petition.

The second amended petition contained allegations substantially identical to those of the two previous petitions, and in addition alleged liability on the part of defendants for obligations incurred by defendant LaForge by virtue of the "rider" dated June 16, 1942. This "rider" had been attached as an exhibit to the first amended petition. In addition, the second amended petition alleged notice in writting to the trustee named in the bond, under date of February 10, 1949, and attached to this pleading was a copy of such written

notice and a copy of the written demand made on New York Casualty Company under date of January 27, 1949.

Each of the three defendants demurred to the second amended petition on the grounds of (1) misjoinder of causes of action; (2) that the petition did not state facts sufficient to constitute a cause of action in favor of plaintiff and against such demurring defendant; and (3) that the pretended cause of action was barred by the three year statute of limitations.

Each of these demurrers was sustained as to the second and third grounds thereof, and it is from that ruling this appeal was taken.

Summarized very briefly, the contentions of plaintiff are that the action is governed by the five year statute of limitation (G. S. 1949, 60-306 [First]), and that the second amended petition, having been filed within five years from the accrual of his cause of action, was good as against the demurrer. He further argues that even though the three year statute of limitation (G. S. 1949, 60-306 [Second]) should apply his action was still commenced within the three year period for the reason that the additional allegations contained in his second amended petition did not state a new or different cause of action but merely amplified those allegations contained in his original petition and therefore relate back to it.

In support of the lower court's ruling defendants contend the action is based upon a liability created by statute, is therefore governed by the three year statute, *supra*, and that a cause of action having been stated for the first time when the second amended petition was filed on November 1, 1949, the action is barred. It is further contended that since defendant LaForge did not sign the bond or any rider attached thereto he could not be liable thereunder and therefore no liability would attach as to Maxwell, the principal, or to the surety.

From the record before us it appears the basis for the lower court's ruling was that the three year statute of limitation applied and the action was barred. However, in our view of the case we find it unnecessary to determine whether the action is governed by the three year or five year statute, because in our opinion plaintiff clearly brought himself within the three year statute.

It will be remembered that the livestock was purchased February 19, 1946, and the action was commenced February 12, 1949. In

his original petition plaintiff alleged the facts concerning such purchase; that LaForge was clearing his purchases through Maxwell; that Maxwell was under bond, with a trustee named therein, as required by law; that the bond was in full force and effect on the date of purchase; that by its provisions Maxwell and the surety bound themselves to secure the performance of obligations incurred by LaForge and Maxwell; and that demand had been made upon all defendants, but that each of them had failed, neglected and refused to pay such obligations incurred by LaForge.

Pursuant to a ruling by the court on motions to make more definite and certain plaintiff then, with leave of court, filed an amended petition in which he cited by section number certain rules of the Department of Agriculture, and attached as an exhibit a copy of the bond and riders thereto. Still later, after demurrers to this amended petition were sustained, plaintiff, with leave of court, filed his second amended petition, the allegations of which, together with the exhibits, having already been referred to.

We fail to see how it can be contended seriously that plaintiff's original petition did not state a cause of action against defendant LaForge for livestock purchased by him from plaintiff and for which it is alleged he had not paid. And with reference to the liability of Maxwell and the surety, a rider to this bond, dated June 16, 1942, specifically provided for their liability and responsibility for the obligations of LaForge. The bond and its general conditions were pleaded in the original petition. It is true it provided that any one damaged by the breach of any of its conditions might maintain an action thereon after first giving written notice to the trustee named therein, and that not until plaintiff filed his second amended petition did he specifically allege notice to the trustee and attach as an exhibit a copy of such notice.

While it would have been proper to attach a copy of the bond and the written notice to the trustee to the original petition, yet plaintiff's failure to do so cannot be held to mean that such petition, which alleged the bond and its conditions in general terms, did not state a cause of action. Nowhere, either in the bond itself or in the Federal regulations, which we have examined, is it required that a copy of the notice to the trustee be set out and attached to a pleading seeking to enforce the obligations and conditions of the bond.

The rule with reference to the statute of limitations as affected

by the amendment of pleadings is well stated in *Smith v. Veeder Supply Co.*, 137 Kan. 124, 19 P. 2d 699, where it was said:

"If the first petition alleges in general a cause of action, but does so imperfectly and with insufficient detail, and the amended petition is only an enlargement of the averments of the original by setting out more definitely that which was pleaded in general and does not set up a new cause of action, the fact that the statute had run when the amended petition was filed is not a bar to a recovery, as in such a case the amended petition relates back to the filing of the original one." (p. 126.)

Again in *Springer v. Roberts*, 151 Kan. 971, 101 P. 2d 908, the authorities were reviewed and it was held:

"Amendments to a petition which amplify a cause of action imperfectly pleaded, or which substitute a correct for an erroneous statement of facts relied on for recovery, ordinarily relate back to the commencement of the proceeding, but where the amendment sets forth a new cause of action the statute of limitations continues to run until the amendment is filed." (Syl.)

(See, also, *Waddell, v. Woods*, 160 Kan. 481, 163 P. 2d 348, and *Dalton v. Hill*, 169 Kan. 388, 393, 394, 219 P. 2d 710.)

Applying the rule to this case, the real question before us is whether plaintiff's original petition stated a cause of action and whether the second amended petition is merely an amplification and enlargement of the allegations of that petition or whether it sets up an entirely new cause of action which cannot be said to relate back to the original. A careful reading of the original petition convinces us that it stated a cause of action, even though in somewhat general terms, against each of the three defendants named, and in our opinion the additional allegations in the second amended petition, together with the exhibits attached thereto, merely amplified and stated in more specific terms the cause of action already alleged in the original petition, and therefore are deemed to relate back to the original petition which was filed before the bar of the three year statute had fallen. We have given careful attention to each and every argument and contention advanced by defendants, but in our opinion the conclusion just announced is the only reasonable one to be drawn from the pleadings in question.

It therefore follows that in case No. 38-169 the judgment of the lower court is reversed with directions to overrule the demurrers to the second amended petition.

With the exception of a difference in parties defendant, and there being no question concerning the fact of defendant LaForge not having signed the bond, the facts in case No. 38,170 are substantially

identical to those in case No. 38,169. The basic questions are the same and therefore require no discussion. The judgment of the lower court in case No. 38,170 is reversed with directions to overrule the demurrers to the second amended petition.