No. 38,388

NATHAN G. EDELBLUTE, *Appellee*, v. WADDELL & REED, INC., *Appellant*.

(233 P. 2d 757)

Opinion filed July 3, 1951.

*Allen Meyers, Philip C. Gault, Herbert A. Marshall* and *Doral H. Hawks,* all of Topeka, and *Frederick G. Apt* and *Howard M. Immel,* both of Iola, were on the briefs for the appellant.

*Edward Rooney, Jacob A. Dickinson* and *David Prager,* all of Topeka, were on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action to recover the difference between the purchase price of corporate shares of stock paid to the defendant, a seller of stocks, bonds and securities, and the amount defendant had paid to plaintiff on his account.

Defendant appeals from the order overruling its demurrer to the

amended petition. The question is whether the action is barred by the three year statute of limitations.

In view of appellant's contentions that neither petition stated a cause of action it is necessary to review the substance of both petitions. The original petition was filed March 28, 1950. It, in substance, alleged:

The defendant, Waddell & Reed, Incorporated, was a nonresident corporation authorized and registered with the corporation commission to sell stocks and bonds in this state; W. F. Oderman was nominated and appointed as a salesman of defendant by defendant's application to the corporation commission; the first sale of stock to plaintiff was on December 12, 1946, and was made by Oderman; he presented to plaintiff an identification card executed by the defendant company which read:

"This will identify William Fred Oderman as an accredited representative of Herrick, Waddell & Co., Inc.

"While so employed: (s) he is covered under the terms and conditions of a $100,000.00 Fidelity Bond which is effective as of September 13, 1946.

"Herrick, Waddell & Co., Inc.
"By: Clark C. Lamb
"Vice President"

The petition further, in substance, alleged:

Oderman informed plaintiff he was an accredited representative and agent of defendant for the sale of securities within this state and had for sale sixty-five shares of Midland stock at a price of $50.00 per share; such stock was a part of the assets of an estate which was in the process of administration and that the stock would be delivered to plaintiff in several months; plaintiff relied upon the apparent authority of Oderman and agreed to purchase such stock; Oderman agreed to deliver it in several months as soon as possession of the same could be obtained from the estate; plaintiff paid defendant the sum of $3,250.00 at that time.

The petition then in separate paragraphs alleged three additional purchases of stock, in substance, as follows: All purchases were made through Oderman; the second purchase of ten shares of Midland stock at $50.00 per share, to be delivered within a reasonable time, was made February 3, 1947; plaintiff paid defendant $500.00 on that date; the next sale of forty shares of H. D. Lee stock at $32.00 per share was made June 12, 1947, and was to be delivered within a reasonable time; plaintiff at that time paid defendant $1,280.00; the last and fourth purchase was of thirty-two shares of H. D. Lee

stock at $32.00 per share to be delivered within a reasonable time; the sale was made July 8, 1947, and plaintiff paid defendant $1,-024.00 on that date.

The petition further, in substance, alleged:

Plaintiff performed all the conditions of the sale but defendant failed and refused to deliver the stock; plaintiff had received from Oderman two payments to apply on the aforesaid account, said sums being $393.75 on December 23, 1948, and $500.00 on February 5, 1949; defendant refused to deliver the stock or to return any further sums although due demand had been made therefor; the defendant denied Oderman was their duly authorized agent at the time aforesaid; by reason of defendant's conduct in vesting Oderman with the previously mentioned identification card and by registering Oderman as its agent for the sale of securities in this state, without limitation, in the office of the corporation commission, defendant was estopped to deny Oderman's authority to sell the securities in question; defendant was indebted to plaintiff in the sum of $5,160.25 with interest.

The petition prayed for judgment in that amount with interest.

Appellant did not demur to the original petition filed March 28, 1950, but filed a motion to require appellee to specifically state and number the respective causes of action. The motion was sustained and appellee filed an amended petition August 1, 1950.

The amended petition set forth the substance of the original petition but separated the various sales transactions into four distinct causes of action. It was alleged that out of the total amount of $893.75 which had been returned by Oderman to appellee to apply on the general balance of account appellee credited $593.75 on the account represented by the first cause of action and $100.00 on each of the accounts representing the three remaining causes of action.

Appellant's first contention is the original petition stated no cause of action for the reason the separate transactions were not set forth as separate and distinct causes of action; that the statute of limitations must therefore be held to have run before August 1, 1950, the date the amended petition was filed. In support of its contention the original petition stated no cause of action for the reason just stated, appellant relies upon *Burdick v. Investment Co.*, 71 Kan. 121, 80 Pac. 40, and cases cited therein; and *Sluss v. Brown-Crummer Inv. Co.*, 137 Kan. 847, 854, 22 P. 2d

965. Neither of these cases is controlling. The Burdick case was decided prior to the 1909 revision of the code of civil procedure. After the 1909 amendment of that code it expressly was made discretionary with the trial court whether it would require several causes of action or different defenses to be separately stated and numbered. (G. S. 1949, 60-741; *Mullarky v. Manker*, 102 Kan. 92, 96, 170 Pac. 31; see, also, *Nelson v. Schippel*, 143 Kan. 546, 56 P. 2d 469, and *Sanders v. Visser*, 165 Kan. 336, 194 P. 2d 511.) It follows such a ruling now resting in the discretion of the trial court is ordinarily not subject to review and that is always true unless the ruling prejudices some substantial right of the party concerned. (*Nelson v. Schippel*, supra.)

Moreover the action in the early Burdick case, *supra*, governed by the old rule was dismissed for failure to comply with a previous order to separately state and number the respective causes of action. The decision in the later Sluss case, *supra*, involved a demurrer and was based upon the doctrine that plaintiff by successfully resisting various motions had made it impossible to ascertain upon what definite theory he relied for recovery. Furthermore in the instant case the motion to separately state and number was sustained and appellee complied with the order. It connot be said the original petition failed to state a cause of action upon the ground alleged. That conclusion also follows with the application of the established rule that if a petition states a cause of action but does so imperfectly and with insufficient detail it may be amended when the amendment only enlarges or amplifies the averments of the original petition. (*Schulte v. Westborough, Inc.*, 163 Kan. 111, 115, 180 P. 2d 278, 172 A. L. R. 259, 265; *Smith v. LaForge*, 170 Kan. 677, 228 P. 2d 509, and cited cases.) It follows it must be held the action was commenced March 28, 1950, the date the original petition was filed.

In view of the allegations of the petition were any of the four causes of action barred by the three year statute? Touching this subject appellant first contends each cause of action accrued on the date the transaction was consummated and that the allegations of the amended petition relative to delivery of the stock "within a reasonable time" are immaterial and do not extend the time for filing the action. Delivery within a reasonable time was the agreement alleged in the second, third and fourth causes of action. It will be recalled the first cause of action alleged an agreement to

deliver the stock "in several months as soon as possession of the same could be obtained from the estate" which was in process of administration. Appellee argues the contract was to deliver the stock as alleged and consequently the time for delivery was not on the date the stock was purchased and the cause of action did not accrue until appellant breached the alleged contract. Appellee further asserts that under these allegations the question pertaining to what constituted reasonable time for delivery is a fact to be determined by the jury and not a question of law to be determined on demurrer. We need not pursue these contentions.

If the allegations concerning the alleged agreement with respect to the time of delivery were the only allegations that determine whether the instant action was filed in time the contentions concerning the time of delivery would be important. These, however, are not the only facts pleaded. If the demurrer was properly overruled on any theory we, of course, cannot reverse the ruling.

The amended petition, in substance, alleged:

Appellee had received from Oderman to apply "on the general balance of account" designated sums of money and appellee (the creditor) had applied those amounts on the respective causes of action.

Absent direction by the debtor on which particular transaction a payment shall be applied the creditor has a right to apply it on any of a number of transactions. (*King v. Sutton,* 42 Kan. 600, 22 Pac. 695; *Lumber Co. v. Workman,* 105 Kan. 505, 185 Pac. 288; *Neal v. Gideon,* 157 Kan. 1, 138 P. 2d 419.) Payment on a debt by the debtor tolls the running of the statute of limitations. (G. S. 1949, 60-312.) Payment by a debtor's authorized agent, of course, has the same effect.

The dates of the respective purchases were: December 12, 1946; February 3, 1947; June 12, 1947; July 8, 1947.

The action was filed March 28, 1950. Three years had not expired between that date and the dates of the third or fourth transactions and as to them no application of credits was necessary to toll the statute of limitations. The payments to apply on the general balance of account were made December 23, 1948, and February 5, 1949. Three years had not expired between either of those dates of payment and March 28, 1950. It follows neither the first nor second causes of action was barred.

Appellant frankly concedes it presented its demurrer to the

amended petition to the trial court on the theory all four causes of action were barred by the statute of limitations. In its brief, however, it now also challenges the sufficiency of the amended petition to state a cause of action contending it does not allege authority of its agent, Oderman, to make the payments to appellee which appellee credited as previously indicated.

In view of appellant's admission with respect to the limited question presented to the trial court and the correctness of the trial court's ruling on that question we shall not undertake to treat a wholly different contention advanced for the first time on appellate review. In fact, to treat the instant contention would not constitute appellate review but an exercise of original jurisdiction in a case over which this court is not vested with such jurisdiction. Furthermore it is entirely unfair to a trial court to attempt to obtain a reversal of its order without having first given that court an opportunity to rule on the question presented here. If the question were jurisdictional, which it is not, a wholly different problem would be involved.

The order overruling the demurrer presented on the theory the causes of action were barred is affirmed.