No. 38,912

SEVILLA L. TALBOTT and CHESTER T. TALBOTT, *Appellees,* v. FARM- ERS UNION CO-OP ELEVATOR and RALPH BATTEN, *Appellants.*

(256 P. 2d 856)

Opinion filed May 9, 1953.

*Herbert A. Marshall,* of Topeka, argued the cause, and *Allen Meyers, Philip C. Gault* and *Doral H. Hawks,* all of Topeka, were with him on the briefs for the appellants.

436

*Edward Rooney,* argued the cause, and *Jacob A. Dickinson, David Prager* and *Sam A. Crow,* all of Topeka, were with him on the briefs for the appellees.

The opinion of the court was delivered by

PRICE, J.: This is an action brought by the parents of an eight-year-old boy to recover damages for his wrongful death allegedly caused by the defendant elevator company and its manager in negligently maintaining an attractive nuisance in the form of an insecurely and defectively covered abandoned well on the elevator premises.

The petition, omitting formal parts, describes in detail the elevator premises in the city of Meriden and the open well located thereon, as to size, depth and the alleged partial covering of the same by a piece of light tin material, and then alleges:

"That said premises afforded an attractive playground and at different times at least half of the children of the City of Meriden played there; that great numbers of children played in and around said elevator and road and coasted on the driveways and on the entrance which was immediately against said well and adjacent to the driveway onto the scales where farmers weighed their grain; that said children rode their tricycles up and down the driveway and about this well; that said well was left open and in such condition was hazardous to the life of children playing in or about said premises and constituted an attractive nuisance and was a dangerous hazard to the lives of all young children."

This is followed by allegations concerning the death of the boy resulting from his falling into the well while riding his tricycle on the premises, all of which is alleged to be the direct, immediate and proximate result of negligence and carelessness of defendants in maintaining the uncovered or insufficiently covered well on the premises where children were in the habit of playing.

Defendants' answer denies negligence on their part, denies that the well in question was an open well, alleges it was securely covered by a piece of corrugated metal, describing same, and further alleges the boy was guilty of contributory negligence and that plaintiffs were guilty of negligence in permitting him to wander from his home onto the elevator premises.

Included in the answer is a demurrer, the substance of which is that the petition does not state facts sufficient to constitute a cause of action against the defendants or either of them.

Shorly after the answer was filed plaintiffs filed a motion to have the court determine in advance of trial the sufficiency of the petition to state a cause of action. In other words, plaintiffs moved for an immediate hearing on the demurrer contained in the answer.

The sole argument advanced by defendants at the hearing on the demurrer was that the petition

"does not sufficiently allege that the defendants maintained a nuisance which was both attractive and dangerous, or which constituted a dangerous attraction."

The demurrer was overruled.

No appeal was taken from that ruling.

Plaintiffs then filed their reply in the form of a denial of the allegations contained in the answer.

In the meantime the two-year statute of limitation (G. S. 1949, 60-3203) had run, and shortly thereafter defendants filed their motion for judgment on the pleadings.

This motion was overruled and at the same time the court, under the provisions and authority of G. S. 1949, 60-759, granted to plaintiffs permission to file an amended petition within twenty days from date. This was done.

The only substantial difference between the petition and the amended petition is that in the latter plaintiffs alleged that defendants had knowledge of the fact that children habitually played on the elevator premises and that defendants had consented thereto.

Defendants demurred to the amended petition on the grounds it did not state facts sufficient to constitute a cause of action against defendants or either of them in that such pleading showed on its face that it was not filed until after the applicable two-year statute of limitation had expired.

This demurrer was overruled and defendants have appealed from such ruling, as well as from the order overruling their motion for judgment on the pleadings.

From one view of this case it appears that the appeal from the order overruling defendants' motion for judgment on the pleadings might very well be dismissed. It has been held repeatedly that such an order is appealable only when it can be said from the record that the motion is tantamount to a demurrer, and that where issuable facts are joined by the pleadings such a motion is not the equivalent of a demurrer, and an order overruling it is not appealable. (*Sullivan v. Paramount Film Distributing Corp.*, 168 Kan. 524, 213 P. 2d 959, 14 A. L. R. 2d 458; *Diehn v. Penner*, 173 Kan. 41, 244 P. 2d 215.) Here the answer denied material allegations of the petition. The reply denied the allegations of the answer. It is difficult to understand how issuable facts were not thus joined.

On the other hand, defendants, while conceding the rule to be as stated, contend that it has no application where, as here, from a

full consideration of the pleadings, it is clear that plaintiffs have not alleged facts sufficient to state a cause of action, citing *Simmons v. Gill,* 161 Kan. 123, 166 P. 2d 574, and other decisions.

Be that as it may, and particularly since we arrive at the same result anyway, as will presently be shown, we have concluded to consider the motion for judgment on the pleadings as a demurrer and rule on both portions of the appeal.

The real crux of the entire question before us is whether the petition fails to state a cause of action because it does not allege, in so many words, that defendants had *knowledge,* or *should have known,* of the fact that children were in the habit of playing on and about the premises in question. Defendants argue the petition is fatally defective in that respect and cite numerous decisions in support of their contention, among them being *Edwards v. Kansas City,* 104 Kan. 684, 180 Pac. 271; *Moseley v. City of Kansas City,* 170 Kan. 585, 228 P. 2d 699, and *Hendren v. City of Kansas City,* 172 Kan. 56, 238 P. 2d 510.

For present purposes we are not concerned with what the proof may show concerning knowledge on the part of defendants. Our question concerns the sufficiency of the petition to allege specifically, or by reasonable inference, such knowledge. No motion to make more definite and certain was levelled against it, therefore its allegations are to be liberally construed. As we view the matter, the element of knowledge is only one factor which arises under the issue whether defendants were guilty of negligence in maintaining the premises in the condition alleged. It is true the petition does not in so many words refer to knowledge on the part of defendants, but the general allegations of negligence, some of which are quoted, *supra,* of necessity include the issue of knowledge since the legal duty toward children on the premises arises when defendants have knowledge or should know of their presence. The physical characteristics of and the manner of operating small town elevators in this state are a matter of common knowledge, and the allegation to the effect the premises afforded an attractive playground, that at different times at least half of the children of Meriden played there, and that great numbers of children played in and around the elevator and coasted on the driveways, surely is not to be limited to an inference that such actions occurred only in the dead of night and were unknown to defendants. As a practical matter, the only reasonable inference to be drawn from the allegations of the petition is

that in the nature of things defendants *had* knowledge. The petition was sufficient as against demurrer, and it therefore follows the motion for judgment on the pleadings was properly overruled.

There is still another reason why, under the circumstances, we think the ruling was proper. As heretofore stated, when the demurrer (contained in the answer) to the petition was argued defendants' only contention was that the petition did not sufficiently allege that defendants maintained a nuisance which was both attractive and dangerous, or which constituted a dangerous attraction. After the two-year statute of limitation had run, and they filed their motion for judgment on the pleadings, defendants for the first time raised or urged the question just discussed, that is, the insufficiency of the petition to state a cause of action because of the lack of a specific allegation concerning knowledge.

When the motion for judgment on the pleadings was argued the petition was in exactly the same form as it was when the demurrer to it was argued previously. The same objections to its allegations existed then as did later. If counsel had in mind at the time of the earlier argument on the demurrer the ground on which they later relied in their argument on the motion for judgment on the pleadings, it was their duty to so advise the court. Failing to do so the matter falls within the rule of "invited error" and is deemed to have been waived. (*Emery v. Bennett,* 97 Kan. 490, 155 Pac. 1075, Ann. Cas. 1918D 437; *Herl v. Herl,* 154 Kan. 44, 114 P. 2d 817, and *Todd v. Central Petroleum Co.,* 155 Kan. 249, 124 P. 2d 704.)

The remaining question, then, is whether the court correctly overruled the demurrer to the amended petition. As heretofore stated, the only substantial difference between the petition and the amended petition is that in the latter plaintiffs alleged knowledge on the part of defendants. In view of our holding that the allegations of the petition itself stated a cause of action and were sufficient to withstand the motion for judgment on the pleadings, considered as a demurrer, it necessarily follows that the amended petition, even though filed after the bar of the two-year statute of limitation had fallen, but the additional allegations of which were merely an amplification of the allegations contained in the original petition, which was filed within time, was not subject to demurrer on the ground that it showed on its face the action was barred. Under such circumstances the amended petition is deemed to relate back to the date of filing of the original petition. (*Smith v. LaForge,* 170 Kan. 677,

228 P. 2d 509, and *Edelblute v. Waddell & Reed, Inc.,* 171 Kan. 508, 233 P. 2d 757.) The demurrer to the amended petition was properly overruled.

We find no error in the record and the rulings of the lower court are affirmed.