PURL HOFFMAN, *Appellant,* v. GEORGE H. HILL, *Appellee.*

No. 39,215

C. C. HOFFMAN, *Appellant,* v. GEORGE H. HILL, *Appellee.*

(267 P. 2d 526)

Opinion filed March 6, 1954.

*Karl V. Shawver, Jr.,* of Paola, argued the cause, and *Karl V. Shawver,* of Paola, was with him on the briefs for the appellants.

*Oliver D. Rinehart,* of Paola, argued the cause, and *William D. Bright,* of Paola, was with him on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: Appeals in two damage actions, identical in all respects except as to parties plaintiff and the amount of recovery, have been consolidated in this court. The issues presented are identical and a decision in one governs both appeals. We, therefore, need consider only one of them.

The actions have not been tried. Plaintiffs appeal from an order sustaining a demurrer to their original petitions and from a number of rulings on motions.

In view of the conclusion we have reached concerning the order sustaining the demurrer the rulings on motions are not too important. We shall, however, refer to them in a general way in order to indicate the sequence of events. Before proceeding further it will be helpful to state the actions were filed two days before the two year statute of limitations had fallen. (G. S. 1949, 60-306, *Third.*) The question is whether the original petitions stated causes of action. The petitions alleged defendant was engaged in the farming and livestock business. That allegation was sufficient to take the actions out of the operation of the workmen's compensation act as that act does not apply to agricultural pursuits and employments incident thereto. (G. S. 1949, 44-505.) As stated, we need examine only one petition. Other material portions thereof were:

"2. That on or about the 6th day of August, 1950, the plaintiff was employed by the defendant as a carpenter, and that a requirement of his employment was that he, together with other persons, re-shingle a barn under the direction of the defendant. That on the 6th day of August, 1950, it became the duty of the plaintiff in the course of his employment to go upon, and he did go upon, an elevated scaffold or platform adjoining and attached to the entire East side of said barn, for the purpose of carrying out his employment as a carpenter and for the further purpose of shingling the roof of said barn.

"3. That it was the defendant's duty to furnish to this plaintiff a reasonably safe and secure scaffold or platform for the performance of this plaintiff's work, but that the defendant, on the contrary, did himself or by his employees construct and/or permit to be constructed in an incompetent and unskillful and unsafe and unworkmanlike manner a scaffold or platform, and that the scaffold so erected and furnished to this plaintiff was carelessly and negligently constructed and erected and did constitute an unsafe, defective, and dangerous scaffold, and of all of which facts this plaintiff was ignorant, and that said scaffold was at the time of the injury under the exclusive and sole control and management of the defendant.

"4. That the defendant failed to warn this plaintiff of the unsafe condition of said scaffold and failed to detect and remedy said defective scaffold, and that

solely by reason of the said dangerous and defective condition of the scaffold, said scaffold broke, and became unanchored from the side of the barn, and did so while this plaintiff was upon same in the performance of his duties on the 6th of August, 1950."

Thereafter followed allegations concerning the fall and injuries and this statement:

"5. That the direct and proximate cause of plaintiff's injuries and damages was the failure of defendant to furnish plaintiff a reasonably safe place to work."

The action was filed August 4, 1952. On September 2, 1952, appellee filed a motion in the alternative in which he requested that plaintiff be required to elect whether he was relying on specific acts of negligence or on the doctrine of *res ipsa loquitur* and if he elected to rely on the former that he be required to plead the acts which he claimed constituted defendant's negligence. The court did not rule on the motion to elect but treated the motion as one to make definite and certain and sustained the part thereof which pertained to paragraphs 3 and 5 of the petition.

Dates of the latter motions and rulings are immaterial. Appellant filed an amended petition. Appellee filed a motion to strike the amended petition for failure to comply with the court's previous order to make definite and certain and requested, if that motion were not sustained, appellant should be required to make the amended petition definite and certain in certain particulars. The motion to strike was denied, the court stating it appeared an attempt was made to comply with the court's former order to make the original petition definite and certain. The court overruled much of the motion to make the amended petition definite and certain but sustained it in part and ordered appellant to state and number separately his causes of action. Thereafter appellant filed a second amended petition in one count only, which was based entirely on the theory of specific acts of negligence and in which appellant set forth such acts in detail. Appellee filed another motion to strike that petition for failure to comply fully with the court's last previous order and demurred to the second amended petition in the event it was not stricken from the files. The court in part modified its previous ruling with respect to appellee's motion to make the first amended petition definite and certain and by reason of such modification granted appellant leave to file a third amended petition if he desired to do so. Appellant did not do so.

The position of the district court is disclosed in the following portion of its memorandum opinion:

"1. On the 21st day of April, 1953, there is presented to the court and fully argued on behalf of the respective parties the defendant's motion to strike and demurrer leveled at the plaintiff's second amended petition.

"2. The court does overrule the motion to strike.

"3. The serious question in each case arises upon this series of pleadings and orders. The plaintiff filed a petition on August 4, 1952, alleging that the plaintiff was injured on the 6th day of August, 1950, under circumstances in which he seeks to recover damages for personal injuries against the defendant. To the petition the defendant filed a motion on September 2, 1952, praying that the court require the plaintiff to elect upon specific acts of negligence or upon the theory of res ipsa loquitur. This motion was treated by the court as a motion to make definite and certain and sustained in certain particulars on October 13, 1952. On October 17, 1952, the plaintiff filed an amended petition. To this the defendant filed an extensive motion to strike and to make definite and certain. The court in a memorandum filed on February 17, 1953, found that a cause of action was not stated under either the theory of negligence or res ipsa loquitur and again treated the motion as one to make definite and certain and required the plaintiff to separately state and number his causes of action. This was followed by the second amended petition filed on March 9, 1953, at which the present motion and demurrer is leveled. In this second amended petition the plaintiff abandons the theory of res ipsa loquitur and proceeds upon the grounds of specific negligence, to-wit: failure to provide a safe place to work.

"4. The demurrer presents two separate problems, both of which are argued at length to the court.

"First, that the second amended petition does not state facts sufficient to constitute a cause of action with reference to acts of negligence. On this point the court overrules the demurrer. It is the court's opinion that this second amended petition does state facts sufficient to constitute a cause of action under the theory that the defendant failed to provide the plaintiff with a reasonably safe place to work and sets out with particularity the negligence complained of and the court does overrule the demurrer on this point.

"Second, the demurrer searches the record and by reason of motions filed and rulings thereon the plaintiff is bound to a strict construction of his pleadings and it is obvious from the pleadings that at the time of the filing of the second amended petition, which the court holds to be good, the statute of limitations had barred the cause of action. If the first petition in the case did not state a cause of action in negligence the demurrer should be sustained."

The court sustained the demurrer as though it had been leveled directly against the original petition, which it was not. May a party after he has obtained a pleading, in response to his own motions, which unquestionably states a cause of action, demur thereto and make the demurrer relate back so as to search the sufficiency of the original petition? We are unaware of such a rule. Assuming, however, he may do so the question is not whether it would have been better for the original petition to have alleged more fully and

specifically all acts of negligence but rather whether the petition was so utterly defective that it failed to state even a prima facie cause of action on any theory. Had appellee believed it was so defective he probably would have demurred thereto instead of attacking it by motions for the obvious reason that if it actually were demurrable a cause of action could not have been stated for the first time after the bar had fallen. Appellee chose to attack the petition by motions and continued to do so until a cause of action based on specific acts of negligence unquestionably was stated. If appellant actually intended originally to plead a cause of action on the theory of *res ipsa loquitur* he was compelled, by the court's orders, to plead specific acts of negligence.

We shall now examine the original petition to see if it was demurrable. The amendments thereto which alleged specific acts of negligence do not constitute a departure from *the cause of action* alleged in the original petition. *Res ipsa loquitur* is founded on negligence. True that theory of recovery necessitates a somewhat different procedure in the trial of the action but the cause of action is not changed. This is quite clearly indicated in *Emigh v. Andrews*, 164 Kan. 732, 191 P. 2d 901. There the meaning of the words *res ipsa loquitur* had to be applied to a situation where the foundation fact, the thing, which caused the injury was not alleged. We said:

"Was the instant petition sufficient to warrant application of the doctrine of *res ipsa loquitur?* While there is conflict in the decisions relative to the application of that doctrine there is no dispute relative to the meaning of the words *res ipsa loquitur*. They simply mean 'the thing speaks for itself.' And that means the *thing or instrumentality* involved speaks for itself. It clearly does not mean the *accident* speaks for itself. It means that when the initial fact, namely what thing or instrumentality caused the accident has been shown then, and not before, an inference arises that the injury or damage occurred by reason *of the negligence* of the party who had it under his exclusive control. The *inference of negligence* arising from the initially established fact compels the defendant, in order to relieve himself of liability, to move forward with his proof to rebut the *inference of negligence*. It therefore quite properly has been said the doctrine of *res ipsa loquitur* is a rule of evidence and not of substantive law." (p. 734.) (Italics supplied.)

In the instant case the thing which caused the injury was expressly alleged to be the defective scaffold. It is clear the amendments did not change the cause of action. At most they wrought only a change in the theory of recovery. The action, however, continued to sound in tort. It was based on negligence. The additional allegations, therefore, did not constitute *a new or different cause of action*

which made the pleading demurrable on the ground of a departure in pleading. But we need not here determine the original petition stated a cause of action on the theory of *res ipsa loquitur*.

Did the original petition contain allegations of negligence which were capable of amplification? If so it charged negligence which was sufficient on demurrer even though the petition was subject to a motion to make definite and certain. In determining the sufficiency of petitions hard and fast rules cannot be laid down which adequately cover every situation. Consideration must always be given to the particular cause of action involved.

Without repeating the previously quoted allegations of the original petition it is clear it alleged: (*a*) Appellee employed appellant to do the designated work and the relationship of master and servant was, therefore, stated; (*b*) it alleged, under that relationship, it was appellee's duty to provide appellant with a reasonably safe place to work; (*c*) appellee breached that duty; and (*d*) the breach was the proximate cause of appellant's injury. It has been held such allegations, if proved, constitute a *prima facie* case for the recovery of damages. (*Rowell v. City of Wichita*, 162 Kan. 294, 300, 176 P. 2d 590, and cases therein cited.)

The petition further, in substance, alleged the scaffold was defective and unsafe; it was under appellee's exclusive control and management and appellee failed to warn appellant of its unsafe condition. We think it cannot properly be said that was not a charge of negligence which is admitted on demurrer.

Mere enlargement or amplification of allegations by amendment does not constitute a departure and the amendment relates back to the time of filing the original petition. (*Edelblute v. Waddell & Reed, Inc.*, 171 Kan. 508, 233 P. 2d 757; *Talbott v. Farmers Union Co-op Elevator*, 174 Kan. 435, 256 P. 2d 856.)

It will be observed we have in nowise indicated the mere use of descriptive words such as "carelessly" and "negligently" in themselves strengthened the petition. It, of course, is true that a mere allegation a defendant was negligent or careless does not make him so. (*Waddell v. Woods*, 158 Kan. 469, 471, 148 P. 2d 1016.)

The trial court was of the opinion the allegations in the original petition constituted mere conclusions. We believe that interpretation of the averments is too restrictive. In this view we have in nowise ignored cases such as *Elrod v. Railroad Co.*, 84 Kan. 444, 113 Pac. 1046, holding that where a petition does not even inferen-

tially charge a specific act of negligence the pleading cannot be amended to charge such negligence after the bar of the statute of limitations has fallen.

The district court adopted the position the original petition was subject to strict construction. That rule is not applicable here. The rule that a pleading is to be strictly construed on demurrer after a pleader has *successfully resisted proper motions* to make it definite and certain does not apply. Here appellant unsuccessfully resisted the proper parts of such motions leveled against the original petition.

Appellee leans heavily on *Waddell v. Woods,* 160 Kan. 481, 163 P. 2d 348. In so doing he assumes the original petition in the instant case completely fails to meet the requirements of G. S. 1949, 60-704, which provides:

"The petition must contain: .

"*Second.* A statement of the facts constituting the cause of action, in ordinary and concise language, and without repetition."

We already have indicated the original petition was not vulnerable to a general demurrer. Although the Waddell case referred to in the last paragraph has some points in common with the instant case it presents some vitally different circumstances. One, and a wholly sufficient distinction, is that a demurrer to the original petition was sustained by this court. Before plaintiff thereafter filed an amended petition the statute of limitations had run. That is not this case.

We have not overlooked but have studiously examined the numerous other cases supplied by the industry of appellee's counsel. They, however, have cast no doubt on the conclusion we have reached.

Before concluding the opinion we desire to state that notwithstanding a cause of action based on the theory of specific acts of negligence or on *res ipsa loquitur* are both predicated on negligence it would avoid much confusion if such theories of recovery were stated in separate counts. Separate attacks could then be made thereto, if desired, with the elimination of much unnecessary confusion. Motions to elect, if deemed proper, also may be lodged at the proper time.

The ruling sustaining the demurrer to the original petition is reversed with directions to the district court to proceed on the basis of the second amended petition. It is so ordered.