Patrick BERWERT, a Minor, and by His Natural Father and Next Friend, William Berwert, Appellant,

v.

The ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, a Corporation, Respondent.

No. 45061.

Supreme Court of Missouri.

Division No. 1.

April 9, 1956.

John G. Crichton, John C. Humpage, Kansas City, for appellants.

John H. Lathrop, Sam D. Parker, James F. Walsh, Jack W. R. Headley, Kansas City, for respondent, Atchison, Topeka & Santa Fe Ry. Co.

VAN OSDOL, Commissioner.

Plaintiff Patrick Berwert, an infant, instituted this action by next friend for $150,-

000 for personal injuries sustained when he fell from defendant's trestle bridge or underpass with stairstep construction situate adjacent to a public street in Topeka, Kansas. The trial court sustained defendant's motion to dismiss the action on the ground that plaintiff's amended petition failed to state a claim upon which relief could be granted. Plaintiff has appealed from the judgment of dismissal.

Plaintiff had alleged that defendant is a Kansas corporation operating a railroad through Misssouri and Kansas, and other states. Plaintiff also pleaded the Kansas statute, § 66–234, General Statutes of Kansas, 1949, providing that railroads in Kansas shall be liable for all damages done to person or property, when done in consequence of any neglect on the part of the railroad companies. The allegations of the petition continued as follows,

"3. Plaintiff further alleges that he is a minor about six and a half years of age at the time of the filing of this petition and is a resident of Topeka, Shawnee County, Kansas, and defendant is and was at times hereinafter stated a corporation * * * owning and operating a railroad in and through the city * * *.

"4. That defendant at the time of plaintiff's injury as hereinafter stated in connection with its said railroad owned and operated a concrete beam up retaining wall trestle bridge or underpass with stair-step concrete construction loading (sic) from East 15th street at about the 600 block on East 15th street in Topeka * * *.

"5. That at all times mentioned herein, East 15th street is a public street and thoroughfare * * *.

"6. That said underpass trestle or bridge was situated in an open space adjoining said public sidewalk and was in the midst of residential area where children lived and played; said bridge was particularly attractive to children and dangerous to children attracted thereby, and playing thereon.

"7. That children using the open space and steps thereon had for many years prior to the plaintiff's injury been accustomed to playing on said steps and trestle or bridge by climbing up and down, which fact was known by defendant or in the exercise of ordinary care should have been known to it.

"8. That notwithstanding this fact the defendant carelessly and negligently permitted said structure, during all of said time to be, and remain unenclosed and unguarded.

"9. That on the third day of November, 1950, while the plaintiff, who was an infant of about three years was playing with other children on said bridge and steps thereon fell from, at or near the top of said steps to East 15th street * * * and as a direct and proximate result of the aforesaid negligence and carelessness of the defendants * * * plaintiff sustained" severe and permanent injuries.

It is contended by plaintiff-appellant that the trial court erred in sustaining defendant's motion to dismiss and in rendering a judgment of dismissal. It is argued that negligence of defendant was alleged; and that, inasmuch as negligence is an ultimate fact which may be pleaded as such as against a motion to dismiss for failure to state a claim, an allegation of general negligence is sufficient as against a motion to dismiss in a case where plaintiff could not be expected to know the precise negligent acts which were the cause of plaintiff's injury. The case of Maybach v. Falstaff Brewing Corp., 359 Mo. 446, 222 S.W.2d 87, is cited.

In the Maybach case the petition was said to charge general negligence and to be sufficient in supporting a judgment—at least after verdict, and, perhaps, even before—because it alleged facts sufficient in charging defendant with the breach of defendants' duty to exercise due care in manufacturing, distributing and handling the beer. The petition in the Maybach case

stated a claim by stating facts in recognition of and satisfying the general rule that "there must be a duty raised by the law and breached by defendant before an action for negligence lies." Kelly v. Benas, 217 Mo. 1, 116 S.W. 557, 20 L.R.A.,N.S., 903; Slicer v. W. J. Menefee Const. Co., Mo.Sup., 270 S.W.2d 778.

In the instant case plaintiff alleged that defendant was negligent in permitting its structure to remain unenclosed and unguarded, and we must determine if the averments of the petition stated the fact, or facts supporting a fair implication, that defendant's structure was of such character or in such condition as to impose upon defendant a legal duty to enclose or guard it to protect plaintiff from harm.

 In determining the sufficiency of a petition in stating a claim, it is our rule that "the averments of the petition are to be given a liberal construction, according the averments their reasonable and fair intendment—fair implication should be indulged from the facts stated. So considered, a petition should be held sufficient if its averments invoke substantive principles of law which entitle plaintiff to relief. A petition is not to be held insufficient merely because of a lack of definiteness or certainty in allegation or because of informality in the statement of an essential fact." Zuber v. Clarkson Const. Co., 363 Mo. 352, 251 S.W.2d 52, 54; Slicer v. W. J. Menefee Const. Co., supra.

Plaintiff-appellant in his brief herein does not say what principle of substantive law he contends is applicable to the facts as pleaded which would entitle him to the relief sought; however, it is apparent from the averments of the petition that plaintiff sought recovery on a theory of defendant's liability under the attractive nuisance doctrine as recognized by the courts of Kansas. The casualty is alleged to have occurred in Kansas, and the Kansas statute relating to liability of railroads in Kansas is pleaded.

 With respect to the Kansas statute, we understand that under the statute it is necessary for a plaintiff to allege and prove the negligence of a railroad, and the damages resulting therefrom. Atchison, T. & S. F. R. Co. v. Ditmars, 3 Kan.App. 459, 43 P. 833.

Particularly attending now the averments of the petition—the general nature of defendant's structure was stated. It was alleged to be a trestle bridge or underpass with "stair-step concrete construction" (from the top or from near the top of which plaintiff fell) leading from a public street in Topeka. It is readily inferred that the structure was a stationary one. It was further alleged that the structure was particularly attractive to children and dangerous to children attracted thereby; that for many years children had been accustomed to using the open space, in which the bridge or underpass was situated, and the adjoining public sidewalk for play; and that children had been accustomed to play on the steps and trestle or bridge. The petition, however, did not expressly or by intendment state any latently dangerous condition or defect in defendant's structure. And, since the fact was not stated that the structure was in some way latently dangerous, we conclude that whatever danger inhered in the structure was patent or obvious and natural, considering the character of the stationary structure involved. It would seem that at least one fact essential to plaintiff's theory of recovery is missing—that is, there was no allegation of the fact or statement of the factual basis for a fair implication there was any dangerous condition or defect in the structure which was latent or hidden and not obvious (and due to which plaintiff fell and was injured).

In Brennan v. Kaw Const. Co., 176 Kan. 465, 271 P.2d 253, plaintiff by his father sought recovery for injuries sustained in falling from a conveyor-elevator which provided a gradual incline upon which one could walk or crawl from the ground to the roof of a house under construction. The elevator was openly exposed, unguarded, and children of tender years played thereon. The conveyor-elevator could have been retracted by merely winding it down to the

ground level. Plaintiff, a child two years old, escaped from a nearby enclosure and ascended the elevator to the roof of the house under construction, fell therefrom and was injured. It was pointed out by the Supreme Court of Kansas that there was no latent danger in connection with the presence of the conveyor-elevator with one end on the ground and the other on the roof of the house under construction. The reviewing court differentiated the Brennan case from Talbott v. Farmers Union Co-op Elevator, 174 Kan. 435, 256 P.2d 856, wherein plaintiffs recovered for the death of their son, eight years old, who, under the facts stated in the petition and admitted by defendant's general demurrer and motion for judgment on the pleadings, fell into a well left open or with but partial covering in premises frequented by children at play. Whereas in the Talbott case the danger was latent, in the Brennan case the danger was patent and foreseeable. In the Brennan case, the Supreme Court of Kansas cited and quoted from Stimpson v. Bartex Pipe Line Co., 120 Tex. 232, 36 S.W.2d 473, in which case it was alleged that plaintiff, a boy six years old, while at play with his playmates, all of tender age, was attracted and allured by defendant's crude oil storage tank, with stairway, thirty feet high. Plaintiff climbed up the stairway to the top of the tank and presently undertook to descend by sliding down a vent pipe. In endeavoring to place himself in position to use the vent pipe for descending, plaintiff fell to the ground and was injured. The trial court sustained a general demurrer to the petition and on plaintiff's appeal the trial court's judgment of dismissal was in effect affirmed. In the Stimpson case as in our case it seems the only danger to which children were subjected by the respective structures was the obvious danger of falling therefrom.

In the Brennan case [176 Kan. 465, 271 P.2d 256] the reviewing Supreme Court of Kansas also quoted approvingly from 38 Am.Jur., Negligence, § 151, p. 817, at page 818, as follows,

" 'The character of the danger, as open and obvious, or hidden and latent, is an important consideration. The doctrine of attractive nuisance, it has been said, is limited in its application to cases where the danger is latent, and affords no basis for a recovery where the injury complained of was produced by a peril of an obvious or patent character. A danger which is not only obvious but natural, considering the instrumentality from which it arises, is not within the meaning of the attractive nuisance doctrine, for the reason that an owner or occupant is entitled to assume that the parents or guardians of a child will have warned him to avoid such a peril.' "

We hold the trial court correctly sustained defendant's motion to dismiss. Brennan v. Kaw Const. Co., supra; Stimpson v. Bartex Pipe Line Co., supra; 38 Am.Jur., Negligence, supra. See also the Annotation, 145 A.L.R. 322.

The judgment of dismissal should be affirmed.

It is so ordered.

COIL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court.

All of the Judges concur.